IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LAVETRIS HUNT, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 16-0021-M
CAROLYN W. COLVIN, :
Social Security Commissioner, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling denying a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and S.D.Ala. Gen.L.R. 73(b) (*see* Doc. 21). Oral argument was waived (Doc. 20). After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial

evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Hunt was thirty-six years old, had completed a high school education (Tr. 80), and had previous work experience as a detention officer, an account clerk, and an inventory clerk (Tr. 75). Plaintiff alleges disability due to a thyroid condition, a heart murmur, obesity, fatigue, shortness of breath, chronic pain, and paresthesias (Doc. 14 Fact Sheet).

Hunt applied for SSI on February 14, 2012, asserting disability as of August 15, 2010 (Tr. 107, 190-95). An Administrative Law Judge (hereinafter *ALJ*) denied benefits, determining that Hunt was capable of performing her past relevant work as an inventory clerk and a custody officer (Tr. 107-13). Plaintiff requested review of the hearing decision (Tr. 95-97), but the Appeals Council denied it (Tr. 1-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Hunt alleges that: (1) The ALJ's finding regarding her residual functional capacity (hereinafter *RFC*) is not supported by the evidence; (2) the ALJ did not consider her poverty in reaching her decision;

and (3) the Appeals Council did not properly consider newly-submitted evidence (Doc. 15). Defendant has responded to—and denies—these claims (Doc. 16).

The Court will now summarize the evidence of record.

On September 10, 2007, records from Hale County Hospital Clinic (hereinafter *HCHC*) show that Hunt was treated for a urinary tract infection; she had been experiencing back pain for several days (Tr. 277).

On April 24, 2010, Plaintiff went to HCHC for shortness of breath and pain in the right side of her neck because of a goiter (Tr. 279-87). Lortab[1] was prescribed and Hunt was encouraged to meet with an endocrinologist the next week.

On April 10, 2012, Dr. Ronnie T. Chu examined Plaintiff for shortness of breath, occurring nightly; Hunt reported no pain (Tr. 271-73; *see, generally*, Tr. 263-71). The Doctor performed a full examination, including a comprehensive range of motion analysis (hereinafter *ROM*), before diagnosing her to have a goiter, and sharing his impression:

> A goiter is a condition, not a disability. Her thyroid function is normal. Patient stated she actually has gained weight, not lost weight. She also stated she has trouble swallowing. She has worked three different jobs since being diagnosed with the goiter. She does not meet the qualifications for disability.

---

[1] **Error! Main Document Only.** *Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

(Tr. 273).

On October 27, 2013, Hunt went to Hale County Hospital, stating that her goiter was worse, causing her to have right-sided neck pain, difficulty breathing, and numbness in her right arm; she stated that she had not had surgery on the goiter because of money (Tr. 296-310). Plaintiff rated her pain as four on a ten-point scale. A chest CT scan demonstrated a single large nodule in the thyroid gland, causing flattening and mild narrowing of the trachea (Tr. 303-04). Hunt was given a Decadron[2] injection; at discharge, she was encouraged to call and make an "urgent appointment" with Dr. Bilton who "would work something out with" her (Tr. 301, 310).

On November 4, 2013, Plaintiff went to the HCHC for right arm pain; she reported being on no medications (Tr. 290-93). The exam record was to be forwarded to a thyroid surgeon at Good Samaritan Clinic;[3] Lortab was prescribed.

On April 4, 2014, Hunt returned to HCHC for pain and paresthesias into both arms; she reported taking no medications (Tr. 312-13). On examination, a huge thyroid was noted, though Plaintiff easily had full ROM of her neck; she exhibited a

---

[2]**Error! Main Document Only.***Decadron* is a corticosteroid used for, among other things, the treatment of rheumatic disorders. *Physician's Desk Reference* 1635-38 (52nd ed. 1998).

[3]The Good Samaritan Clinic provides free primary health care, medication, and health information, among other things to those who do not have health insurance. *See* http://gscclinic.org/

4

creaking noise in breathing, both inspiratory and expiratory, because of the goiter pressing on her trachea. Hunt was sent to Good Samaritan Clinic for various tests and to see a surgeon.

This concludes the Court's summary of the evidence.

Hunt first claims that the ALJ's RFC finding is not supported by the record. More specifically, she asserts the ALJ did not consider the combination of all of her impairments, listing fatigue, pain, and paresthesias (Doc. 15, pp. 3-4).

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling 96-8p, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *3. The ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546 (2016). That decision cannot be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 404.1545(a)(3).

The ALJ found that Hunt had two severe impairments, her goiter and obesity (Tr. 109). The ALJ also found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. 416.967(b)[4] except the claimant would need a temperature-

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.

5

controlled environment without concentrated exposure to fumes, odors, etc." (Tr. 110). The ALJ then summarized the medical evidence and found that Hunt's statements regarding her impairments and their symptoms were not credible (Tr. 111).

One facet of Plaintiff's argument is that the ALJ did not properly consider the combination of her impairments. It is true that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 1382c(a)(3)(G). The Eleventh Circuit Court of Appeals noted this instruction and found that "[i]t is the duty of the [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

The ALJ lists Hunt's impairments and concludes that she "does not have an impairment or combination of impairments that

---

Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 109). This language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4").

Hunt also asserts the ALJ did not consider her fatigue, pain, and paresthesias. She specifically argues that the ALJ did not evaluate her pain under the appropriate Eleventh Circuit measures of review.

The standard by which pain complaints are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual

question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). The Social Security regulations specifically say that

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a).

The ALJ found that Hunt's statements of her impairments, and the symptoms thereof, were not credible. The ALJ found that the objective medical evidence did not support her complaints, that her hearing testimony about her medication use was inconsistent with what she told her treating sources, and that her hearing testimony regarding her activities widely diverged from a form completed when she first applied for disability (Tr. 111-12). The ALJ pointed out that Hunt sought treatment infrequently (Tr.

8

111) and that, in an emergency room visit on October 27, 2013, she rated her pain as only four; the examination revealed normal breathing. The ALJ found that Plaintiff's "allegations of low energy, difficulty breathing, and persistent arm pain [were] not supported by the objective evidence of record" (Tr. 111).

The Court finds the ALJ's RFC determination supported by substantial evidence; the ALJ properly considered her pain and combination of impairments in determining that Hunt could return to her past work. Plaintiff's claim otherwise is without merit.[5]

Hunt next claims the ALJ did not consider her poverty in reaching her determination (Doc. 15, pp. 2-3). Social Security regulations state that refusing to follow prescribed medical treatment will preclude disability if done so without a good reason. 20 C.F.R. § 416.930(b). However, the Eleventh Circuit Court of Appeals has held that poverty excuses noncompliance with medical treatment. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

The ALJ discussed Plaintiff's lack of treatment, noting that she had not taken opportunities to receive treatment that would accommodate her lacks of funds (Tr. 111). The ALJ specifically pointed out that Hunt had not contacted a surgeon, Dr. Bilton, who would work something out with her regarding her

---

[5] Hunt also asserted the ALJ committed error in not including her symptoms in a hypothetical question to the Vocational Expert. As it is based on a claim the Court found meritless, this claim, too, must fail.

9

goiter; instead, Plaintiff returned to the clinic (Tr. 111; *cf.* Tr. 301). In another instance, Hunt was referred to Good Samaritan Clinic for treatment, but she testified that she did not go because she could not get a ride (Tr. 111; *cf.* Tr. 80, 291). The Court cannot find that the ALJ was remiss in considering Plaintiff's poverty in light of Plaintiff's failure to follow-through with less expensive or free options that might have provided necessary treatment. As noted by our sister Court, "a claim of financial inability to obtain prescribed treatment is only a justifiable cause for failure to follow the prescribed treatment when free community resources are unavailable." *Bulger v. Colvin*, 2014 WL 4495220, *10 (M.D. Ala. September 12, 2014). This claim is without merit.

Hunt's final claim is that the Appeals Council did not properly consider evidence newly-submitted to it. Though more evidence was considered by the Appeals Council, Plaintiff only references that found at Transcript pages 43-47, and 57 (Doc. 15, pp. 6-7); the Court will limit its review to those pages.

The Appeals Council considers additional evidence submitted by a claimant if it is new, material, and chronologically relevant. 20 C.F.R. § 404.970(b). The Appeals Council must then decide if the new evidence renders the ALJ's "action, findings, or conclusion [] contrary to the weight of the evidence currently of record." *Id.* The Eleventh Circuit Court

of Appeals held that "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262 (11th Cir. 2007). The newly-presented evidence was as follows.

On January 7, 2015, Plaintiff underwent a CT of the soft tissues in the neck, after experiencing right-sided neck swelling and difficulty with breathing and swallowing; the exam showed a "[m]assive enlargement of the right thyroid lobe producing significant appearing compression and displacement of the trachea and esophagus" (Tr. 57). On July 23, 2015, Hunt underwent a right thyroid lobectomy, plus isthmusectomy, removing the massive enlargement (Tr. 42-47). Hunt tolerated the procedure well with no complications (Tr. 44).

In its decision, the Appeals Council found no reason to review the ALJ's decision (Tr. 1). The Council considered the new evidence, but determined it post-dated the ALJ's decision and would not affect it (Tr. 2).

The Court notes that the Appeals Council is not required "to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Mitchell v. Commissioner of Social Security Administration*, 771 F.3d 780, 784 (11th Cir. 2014). However, the Council is required "to apply

the correct legal standards in performing its duties." *Id.*

The Court finds no error in the Appeals Council's decision to not remand this action as the evidence post-dated the ALJ's determination of April 28, 2014.  The last examination of record, predating the ALJ's determination by three weeks, showed Plaintiff had full ROM in her neck, though there was creaking in her breathing; the examining physician noted no pain (Tr. 312-13).  Though Hunt referred for further treatment at a free clinic, she did not seek it out.  The evidence of record at that time did not establish disability, as found by the ALJ.  Though the newly-submitted evidence demonstrated treatment of the impairment, it does not establish disability.  Plaintiff's claim otherwise is without merit.

Hunt raises three claims in this action; all three are without merit.  Upon considering the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 29th day of August, 2016.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE